LOURIE, Circuit Judge,
concurring.
I join the court’s opinion and concur in its judgment on the basis of the thorough analysis by Judge Bryson and the standard of review by which we review district court decisions. However, the case is very close and there is a sound basis for an alternative conclusion, viz., that the patent is invalid for violation of the prohibition against introduction of new matter. I believe it is worthwhile to briefly note that alternative basis.
The written description of the patent states that the radio transmissions at which the claimed wireless LAN operates are at > 10 GHz. Figure 6 does not disclose otherwise, and testimony indicated that it was a mere “possibility” that the invention could be used at less than 10 GHz. However, by amendment, applicants cancelled portions of the specification that stated that the transmissions of the invention occur at > 10 GHz, leaving only one such reference and substituting other paragraphs stating that the invention operates “at radio frequencies.” The granted patent eventually contained claims reciting “at radio frequencies,” not limited to “in excess of 10 GHz.” The patentees have now asserted such broader claims against transceivers that apparently would not infringe the original, more limited claims.
The new matter statute, 35 U.S.C. § 132, provides that “[n]o amendment shall introduce new matter into the disclosure of the invention.” In my view, given the total record in the case, it would be reasonable to conclude that applicants changed the nature of the specification by amendment from one describing their invention as being one operating at > 10 GHz to one lacking that limitation. Such a change could well be viewed as the introduction of new matter that invalidates the patent.
Notwithstanding the above, given the fact that the district court found otherwise, and the court’s persuasive analysis, I join the court, having noted what I believe is a reasonable alternative view.